UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA RYAN,<br><br>        Plaintiff,<br><br>   v.<br><br>HOME DEPOT, U.S.A., INC., et al.,<br><br>        Defendants. | No. 2:23-cv-02763-JAM-JDP<br><br>**ORDER GRANTING MOTION TO DISQUALIFY COUNSEL** |

    Defendant Home Depot U.S.A., Inc. moves to disqualify the law firm of Singleton Schreiber, LLP ("Singleton") as attorneys of record for Plaintiff Joshua Ryan on the basis that Defendant's former attorney Michelle Meyers, who is now a partner at Singleton, is representing Plaintiff without a conflict waiver from Defendant. Defendant argues disqualification of Meyers is required because she was privy to confidential information during her prior representation of Defendant that is relevant here and because this case is substantially similar to several cases where Meyers represented Defendant. Defendant also argues the Court should impute Meyers' disqualification to Singleton because the firm failed to screen Meyers off from other lawyers at the firm before accepting representation of Plaintiff.

1

Having reviewed the Parties' briefings, the Court agrees that disqualification is appropriate here. Defendant has presented sufficient evidence that Meyers was privy to relevant confidential information and represented Defendant in factually and legally similar matters during her former tenure as Defendant's counsel. Meyers now represents a party directly adverse to Defendant without having first obtained a conflict waiver, necessitating her disqualification. Further, Singleton failed to institute proper ethical screens to shield Meyers before accepting representation of Plaintiff, necessitating Singleton's disqualification as well. Thus, the Court grants Defendant's Motion to Disqualify.

### I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Defendant is a national retailer with stores throughout California and Nevada. Mot. Disqualify at 2, ECF No. 17-1. From 2011 to 2017, Defendant retained a small team of 5 to 6 attorneys at the law firm Burnham Brown, LLP ("Burnham") to represent it in over 100 personal injury cases across the western United States, including California and Nevada. Id. Meyers, who was a partner at Burnham, represented Defendant as a member of that team from 2011 to 2014. Id.; Opp'n Mot. Disqualify at 1, ECF No. 21.

While in that role, Meyers engaged in confidential communications with and received confidential information from Defendant's corporate litigation team members, corporate counsel, claims handlers, employees, and managers while evaluating and preparing Defendant's cases for settlement or trial. Mot. Disqualify at 2-3. As such, Meyers was privy to Defendant's litigation strategy concerning settlement discussions,

1  bargaining, negotiating, discovery, depositions, corporate
2  policies and documents, and preparation of witnesses for
3  deposition and trial.  Id. at 3.  Meyers was also invited to
4  attend, and participated in at least one, defense counsel
5  conference at Defendant's headquarters in Atlanta, Georgia, at
6  which confidential information concerning Defendant and the
7  handling of Defendant's cases was discussed.  Id.  Meyers ceased
8  representing Defendant when she left Burnham in 2015.  Opp'n Mot.
9  Disqualify at 1.
10     On October 7, 2021, Plaintiff was operating a skid-steer
11  loader that he had rented from Defendant when the loader bucket
12  snagged on an unidentified obstruction, causing the machine to
13  abruptly stop.  Id.  Plaintiff pitched forward, and the machine's
14  seatbelt failed, causing Plaintiff to strike his head on the iron
15  frame of the cabin and suffer injuries to his head and brain.
16  Id.  On September 28, 2023, the Law Offices of Steve Gimblin
17  ("Gimblin") filed a personal injury complaint against Defendant
18  on Plaintiff's behalf in state court.  ECF No. 1.  Defendant
19  subsequently removed the case to this Court.  Id.
20     On August 13, 2025, Gimblin entered a Notice of Association
21  of Counsel for several attorneys from Singleton including Meyers.
22  ECF No. 16.  Defendant filed a Motion to Disqualify (ECF No. 17)
23  Singleton on September 9, 2025, based on Meyers' prior
24  representation of Defendant in personal injury cases.  Plaintiff
25  filed an Opposition (ECF No. 21), and Defendant filed a Reply
26  (ECF No. 22).  The matter was submitted without oral argument
27  pursuant to Local Rule 230(g).  ECF No. 23.
28  ///

## II. LEGAL STANDARD

Attorneys before this Court are required to comply with "the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and court decisions applicable thereto[.]" E.D. Cal. L.R. 180(e). Motions to disqualify counsel are therefore decided under state law. In re Cnty. of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000). The party seeking disqualification bears the burden of establishing by a preponderance of the evidence the basis for disqualification. Storz Mgmt. Co. v. Carey, 526 F. Supp. 3d 747, 751 (E.D. Cal. 2021).

The decision to disqualify counsel is within "the discretion of the trial court as an exercise of its inherent powers." Visa U.S.A., Inc. v. First Data Corp., 241 F. Supp. 2d 1100, 1103 (N.D. Cal. 2003). That said, such motions are "strongly disfavored," and are accordingly subject to strict judicial scrutiny. Id. at 1104; see also Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd., 760 F.2d 1045, 1050 (9th Cir. 1985). Courts examine disqualification motions carefully "to ensure that literalism does not deny the parties substantial justice," weighing "a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden on a client to replace disqualified counsel, and the possibility that tactical abuse underlies the disqualification motion." People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc. ("SpeeDee Oil"), 20 Cal. 4th 1135, 1144–45 (1999). That said, "[t]he paramount concern must be to preserve public trust in the

1  scrupulous administration of justice and the integrity of the
2  bar" such that the important right to counsel of one's choice
3  must sometimes "yield to ethical considerations that affect the
4  fundamental principles of our judicial process." Id. at 1145.

### III. OPINION

6      Defendant argues that Meyers should be disqualified because
7  she previously represented Defendant in personal injury matters
8  which are substantially related to this matter and was privy to
9  Defendant's confidential information during those representations
10 but failed to obtain a conflict waiver from Defendant before
11 representing Plaintiff here. Mot. Disqualify at 5-15. Defendant
12 further argues that this disqualification should be imputed to
13 Singleton, where Meyers is a partner, because the firm failed to
14 screen Meyers off from this litigation before accepting
15 representation of Plaintiff. Id. at 15.

16     Plaintiff responds that, while Meyers represented Defendant
17 in a handful of personal injury cases a decade ago, she did not
18 learn any confidential information adverse to Defendant here.
19 Opp'n Mot. Disqualify at 2-4. At most, Plaintiff contends that
20 Meyers was privy to Defendant's general litigation strategies,
21 but that such "company playbook" information is insufficient to
22 require her disqualification under California law. Id.
23 Plaintiff further argues that Defendant has failed to show a
24 substantial relationship between the cases Meyers handled for
25 Defendant and this case because Meyers primarily represented
26 Defendant in slip-and-fall cases, which, apart from being tort
27 cases, have nothing in common with Plaintiff's failed-seatbelt
28 claim here. Id. at 5. Plaintiff also disputes the scope of

5

1   Meyers' involvement in those slip-and-fall cases, arguing she
2   worked on fewer than 25 cases during her time at Burnham, and
3   handled only discrete tasks for each case. Id. at 6. Thus,
4   Plaintiff argues neither Meyers' nor Singleton's disqualification
5   is required here.
6        As explained below, the Court agrees with Defendant, and
7   finds that Meyers' and Singleton's disqualification is required.
8   Meyers previously represented Defendant in factually and legally
9   similar personal injury matters where she was privy to relevant
10  confidential information but failed to obtain a conflict waiver
11  from Defendant or screen herself off from other Singleton
12  attorneys before representing Plaintiff here. For these reasons,
13  Defendant's Motion to Disqualify is granted.
14       A.   A Substantial Relationship Exists Between Meyers'
15            Previous Representation of Defendant and the Current
16            Case Such that Meyers Must be Disqualified
17       Defendant's allegations here involve conflicts in
18  "successive representations," rather than "concurrent
19  representations," which arise when "the interests of a current
20  client conflict with those of a former client." McMahon v.
21  Whitney, No. 2:23-cv-01972-KJM-JDP, 2024 WL 1311788, at *2 (E.D.
22  Cal. Mar. 26, 2024). Under California Rule of Professional
23  Conduct 1.9(a), "[a] lawyer who has formerly represented a client
24  in a matter shall not thereafter represent another person in the
25  same or substantially related matter in which that person's
26  interests are materially adverse to the interests of the former
27  client unless the former client gives informed written consent."
28  California courts addressing disqualification in successive

6

representations apply a "substantial relationship" test.  Under this test, "[w]here the requisite substantial relationship between the subjects of the prior and the current representations can be demonstrated, access to confidential information by the attorney in the course of the first representation . . . is presumed and disqualification of the attorney's representation of the second client is mandatory[.]" Jessen v. Hartford Cas. Ins. Co., 111 Cal. App. 4th 698, 706 (2003) (quoting Flatt v. Superior Ct., 9 Cal. 4th 275, 283 (1994)).  When a substantial relationship is shown, "it is well settled actual possession of confidential information need not be proved in order to disqualify the former attorney." H.F. Ahmanson & Co. v. Saloman Bros., 229 Cal. App. 3d 1445, 1452 (1991).

"[W]hether an attorney should be disqualified in a successive representation case turns on two variables: (1) the relationship between the legal problem involved in the former representation and the legal problem involved in the current representation, and (2) the relationship between the attorney and the former client with respect to the legal problem involved in the former representation." Jessen, 111 Cal. App. 4th at 709. "[W]hen ruling upon a disqualification motion in a successive representation case, the trial court must first identify where the attorney's former representation placed the attorney with respect to the prior client." Id. at 710.  If the prior relationship is sufficiently direct, such as when a lawyer is personally involved in providing legal services to the former client, "then it must be presumed that confidential information has passed to the attorney" and the court will not look to

7

whether confidential information was actually exchanged during the course of the former relationship.  Id. at 709.

The court then looks to "the strength of the similarities" between the legal problems in the current and former representations.  Id.  Analysis of these similarities requires the court to look to the "subject matter," rather than strict facts and issues involved in a particular action.  Id. at 711.  Put differently, the subject of a representation includes "information material to the evaluation, prosecution, settlement or accomplishment of the litigation or transaction given its specific legal and factual issues."  Id. at 713; see also Victaulic Co. v. Am. Home Assurance Co., 80 Cal. App. 5th 485, 512 (2022) ("[T]o support disqualification the information acquired during the first representation must be material to the second; that is, directly at issue in, or have some critical importance to, the second representation." (cleaned up) (quoting Wu v. O'Gara Coach Co., LLC, 38 Cal. App. 5th 1069, 1083 (2019))).

Here, the evidence points to a direct attorney-client relationship.  Meyers served as counsel for Defendant on numerous personal injury cases over several years during which time she engaged in direct confidential communications with Defendant's agents and employees, including Tom Best, Defendant's current Chief Legal Counsel, while evaluating and preparing those cases for settlement or trial.  Meyers Decl. ¶¶ 13-26, ECF No. 21-1; Caleo Decl. ¶ 3, ECF No. 17-4; Reply at 2-3, ECF No. 22.  Meyers also performed substantive work on many of those cases, including preparing summary judgment motions, taking and defending

8

1  depositions, and engaging in pre-trial preparations including
2  drafting motions in limine and participating in mock trials.
3  Mot. Disqualify at 3-4; see also Meyers Decl. ¶¶ 16, 23-25; Caleo
4  Decl. ¶¶ 5-7.  Because Meyers was part of the litigation team at
5  Burnham responsible for handling over 100 personal injury cases
6  for Defendant, and because she personally provided legal advice
7  and services to Defendant on several of those cases, the Court
8  finds Meyers had a direct attorney-client relationship with
9  Defendant.  See, e.g., Sierra v. Costco Wholesale Corp., 630 F.
10 Supp. 3d 1199, 1205-06 (2022) (holding attorney had direct
11 relationship with former corporate client when he served as
12 counsel for that client on 21 slip-and-fall cases and personally
13 provided legal advice and services in those cases).  Thus, the
14 Court presumes that Meyers obtained potentially disqualifying
15 confidential information.  Jessen, 111 Cal. App. 4th at 709.

16     Having concluded Meyers had a direct attorney-client
17 relationship with Defendant, whether she should be disqualified
18 in the present case depends on the strength of the factual and
19 legal similarities between her prior and current representations.
20 Id.  Defendant must show that there is a substantial risk that
21 this representation will involve the confidential information
22 acquired during the prior representations.  Farris v. Fireman's
23 Fund Ins. Co., 119 Cal. App. 4th 671, 680 (2004).

24     Here, Meyers' prior representations and the current case are
25 personal injury lawsuits involving allegations that the
26 plaintiffs were harmed due to Defendant's or its employee's
27 negligence.  Mot. Disqualify at 12.  Several of the cases Meyers
28 previously litigated also involved the same harm claimed here, a

traumatic brain injury. See id. at 3-4 (discussing Meyers' involvement in Shimomura v. Home Depot, No. CV08-02256 (Nev. Dist. Ct. 2008) and Aguilar v. Home Depot U.S.A., Inc., No. 2:13-cv-01188 (C.D. Cal. 2013)). Meyers, as a member of the Burnham team litigating those personal injury suits, was privy to confidential information related to Defendant's litigation processes, philosophy and strategy, methods of settlement evaluation and negotiation, and discovery issues. See Caleo Decl. ¶ 4. The Court finds that Meyers experience handling factually and legally similar matters for Defendant, as well as her prior access to information concerning Defendant's internal policies, procedures, and strategies for those matters, creates a substantial risk her representation of Plaintiff in this action will involve previously acquired confidential information.

Thus, given Meyers direct attorney-client relationship with Defendant and given the legal and factual similarities between the prior and current representations, Meyers is disqualified from representing Plaintiff in this action. See City & Cnty. of San Francisco v. Cobra Sols., Inc., 38 Cal. 4th 839, 847 (2006) ("When a substantial relationship between the two representations is established, the attorney is automatically disqualified from representing the second client.").

    B.    <u>Singleton Does Not Rebut the Presumption of Vicarious Disqualification</u>

Under California Rule of Professional Conduct 1.10(a) and California decisional law, once the party moving for disqualification has established that an attorney is tainted with confidential information, and is thus disqualified, a rebuttable

10

1    presumption arises that the attorney shared that information with
2    the attorney's law firm.  See Cal. R. Prof. Conduct 1.10(a)
3    ("While lawyers are associated in a firm, none of them shall
4    knowingly represent a client when any one of them practicing
5    alone would be prohibited from doing so by rules 1.7 or 1.9,
6    unless . . . ."); Kirk v. First Am. Title Ins. Co., 183 Cal. App.
7    4th 776, 809-10 (2010), as modified (May 6, 2010).  "The burden
8    then shifts to the challenged law firm to establish 'that the
9    practical effect of formal screening has been achieved.'"  Kirk,
10   183 Cal. App. 4th at 810 (quoting In re Complex Asbestos Litig.,
11   232 Cal. App. 3d 572, 596 (1991)).  In this case, Meyers is a
12   partner at Singleton.  Thus, a presumption arises that all
13   attorneys at Singleton have confidential information material to
14   this case.
15        Two elements are necessary in an effective screen.  First, a
16   vicariously disqualified firm must have imposed a timely screen
17   that is implemented when the conflict first arises.  Id.  A firm
18   cannot "wait until [a] trial court imposes screening measures as
19   part of its order on [a] disqualification motion."  Id.
20   "[S]creening should be implemented before undertaking the
21   challenged representation or hiring the tainted individual . . .
22   prevent any confidences from being disclosed."  In re Complex
23   Asbestos Litig., 232 Cal. App. 3d at 594.  Second, the firm must
24   show that they have implemented preventive measures that
25   guarantee that confidential information will not be conveyed and
26   that the disqualified attorney will not work on the case.  Kirk,
27   183 Cal. App. 4th at 810.
28   ///

11

1    Here, Singleton fails to demonstrate that the proper ethical
2 screens were put in place to shield Meyers before the firm
3 accepted representation of Plaintiff.  On the contrary, Meyers
4 was added to this case in August along with other Singleton
5 attorneys and has participated in this matter until now without
6 obtaining any conflict waiver.
7    Because Singleton failed to implement a timely screen or
8 other proper preventive measures, it has not met its burden to
9 rebut the presumption against vicarious disqualification.
10 Therefore, Singleton is disqualified from representing Plaintiff
11 in this action.

**IV.   ORDER**

13    For the reasons set forth above, Defendant's Motion to
14 Disqualify (ECF No. 17) is GRANTED and Michelle Meyers and
15 Singleton Schreiber, LLP may not represent Plaintiff Joshua Ryan
16 in this action.
17    The case will be stayed for sixty (60) days to allow
18 Plaintiff to retain new counsel. If Plaintiff is unable to retain
19 new counsel, the case will proceed with Plaintiff representing
20 himself as pro se counsel.
21    IT IS SO ORDERED.
22 Dated: December 2, 2025

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

12